IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLARKE COUNTY HEALTHCARE, LLC, | ) | Case Number 11-03851 |
| | ) | |
| Debtor. | ) | Chapter 11 |

**LIMITED OBJECTION BY BRASFIELD & GORRIE, LLC TO DEBTOR'S APPLICATION TO APPROVE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE § 363**

Comes now Brasfield & Gorrie, LLC ("B&G"), a secured creditor and party in interest, and submits this limited objection to the Application to Approve Sale of Substantially All of Debtor's Assets Free and Clear of Liens and Encumbrances Pursuant to Bankruptcy Code §363 [Bankr. Dock. No. 286] (the "Sale Motion") filed by Clarke County Healthcare, L.L.C. (the "Debtor"). In furtherance of this limited objection, B&G states as follows.

## INTRODUCTION

Through the Sale Motion, the Debtor seeks to sell substantially all of its assets including a twenty acre tract of real property located at the intersection of Industrial Access Road and U.S. Highway 43 in the City of Thomasville, Alabama (the "Twenty Acre Tract"). B&G holds a properly perfected and undisputed materialman/mechanic lien on the Twenty Acre Tract securing a debt of $395,426.54 owed by the Debtor to B&G. In the Sale Motion, the Debtor lists liens existing on the property to be sold and how those liens are to be satisfied from the proceeds of the contemplated sale. However, the Debtor fails to list B&G as a lien claimant. B&G oppose the Twenty Acre Tract being sold without B&G's lien being satisfied from the proceeds of the sale. Therefore, B&G files this limited objection to preserves its rights and to provide notice that B&G does not consent to the sale at this juncture.

## BACKGROUND

### *B&G's Secured Claim*

1. The Debtor is the owner of the Twenty Acre Tract as well as other real property located in Thomasville, Alabama.

2. Pursuant to an agreement between the Debtor and B&G, the Debtor purchased services and/or materials from B&G on credit used for the development, betterment and/or improvement of the Twenty Acre Tract.

3. The parties' agreement was that the Debtor would pay B&G for the services and/or materials by July 28, 2011. However, the Debtor failed to make this payment.

4. As of July 28, 2011, the amount owed to B&G was $395,426.54 plus interest.

5. Alabama law entitles B&G to a lien on the Twenty Acre Tract to secure the Debtor's payment of the amount owed to B&G by the Debtor.

6. On August 5, 2011, B&G filed its Verified Statement of Lien (the "Verified Statement") pursuant to Alabama Code § 35-11-213 with the Office of the Judge of Probate of Clarke County, Alabama. A true and correct copy of the Verified Statement of Lien is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

7. On September 19, 2011 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code").

8. The automatic stay which arose as of the Petition Date prevented B&G from filing its lawsuit to perfect its lien evidenced by the Verified Statement on the Twenty Acre Tract under Alabama law.

9. However, pursuant to section 546(b)(2), B&G filed its Notice of Perfection of Materialman's Lien with this Court on September 26, 2011 [Bankr. Dock. No. 14] (the "<u>Notice of Perfection</u>"). As a result of the Notice of Perfection, B&G perfected its lien on the Twenty Acre Tract.

10. On October 14, 2011, B&G filed its secured proof of claim [Claim No. 19-1] in the amount of $395,426.54 (the "<u>Proof of Claim</u>").

11. No objection has been filed to either the Notice of Perfection or the Proof of Claim.

### *The Sale Motion*

12. The Debtor filed the Sale Motion on November 13, 2012. Through the Sale Motion, the Debtor seeks to sell substantially all of its assets—including the Twenty Acre Tract—pursuant to section 363 of the Bankruptcy Code.

13. The Debtor seeks to sell these assets free and clear of liens and claims in the assets pursuant to section 363(f) of the Bankruptcy Code for the purchase price of $2.5 million (the "<u>Purchase Price</u>"). The Sale Motion identifies Du Bois L. Gilliam or his designee as the purchaser (the "<u>Purchaser</u>").

14. The Sale Motion recites what the Debtor purports to be a listing of all liens claims against the assets to be sold. The Debtor does not list B&G.

15. The Sale Motion goes on to recite how the proceeds of the purported sale will be allocated among lien claimants. B&G is not listed as an entity receiving any portion of the proceeds as a secured creditor.

3

1239021.1

Case 11-03851   Doc 302   Filed 12/06/12   Entered 12/06/12 10:31:06   Desc Main
Document   Page 3 of 6

## DISCUSSION

Section 363(b) of the Bankruptcy Code governs the sale by a debtor of substantially all of its assets outside the ordinary course of business and requires that a debtor prove a "sound business purpose" exists for the sale before it is approved. 11 U.S.C. § 363; see also In re Cont'l Air Lines, Inc., 780 F.2d 1223 (5th Cir. 1986). Factors considered in determining whether a sound business purpose exists include (but are not limited to): (1) the proportionate value of the assets to the estate as a whole; (2) the amount of time since the filing of the case; (3) the likelihood that a plan of reorganization will be proposed and confirmed in the near future; (4) the amount of the proceeds to be obtained from the sale versus the appraised value of the assets to be sold; and (5) whether the assets are decreasing or increasing in value. In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983). In addition to a debtor showing that a sound business purpose exists, the debtor must show the following before the sale of substantially all of its assets have been sold: (1) the sale is proposed in good faith; (2) the purchase price is fair and reasonable; and (3) adequate and reasonable notice of the sale has been provided. See In re Condere Corp., 228 B.R. 615 (Bankr. S.D. Miss. 1998).

Section 363(f) of the Bankruptcy Code provides that property may be sold free and clear of liens and claims in the property held by an entity provided one of the following five factors exist:

1. applicable non-bankruptcy law permits the sale of such property free and clear of such interests;

2. such entity consents;

3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. such interest is in bona fide dispute; or

5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

With respect to the Debtor's request to sale its assets free and clear of all liens pursuant to section 363(f), applicable non-bankruptcy law would not permit the sale of the Twenty Acre Tract free and clear of B&G's lien. It is not anticipated that the purchase price will exceed the value of the liens on the Twenty Acre Tract. B&G's lien on the Twenty Acre Tract is not in bona fide dispute. B&G could not be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in the Twenty Acre Tract. Thus, the only condition under section 363(f) of the Bankruptcy Code that could be found to apply is that B&G consents to the sale. At this time, B&G does not consent to the sale and objects to the Sale Motion to the extent the Debtor seeks to sale the Twenty Acre Tract without B&G's secured claim not being satisfied from the proceeds of the sale.

Dated: December 6, 2012.

/s/ Jeremy L . Retherford
Jeremy L. Retherford
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone (205) 251-8100
Facsimile (205) 226-8799

*Attorney for Brasfield & Gorrie, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that on the 6th day of December, 2012, a true and correct copy of the above and foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                            /s/ Jeremy L. Retherford
                                            Of Counsel