IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| CLARKE COUNTY HEALTHCARE, L.L.C., | * | Case No. 11-03851 |
| | | Chapter 11 |
| | * | |
| Debtor. | | |
| | * | |

**ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE §363**

The Debtor's application to approve the sale of substantially all of the Debtor's assets free and clear of liens and encumbrances ("the Sale Motion") [doc. 286] to Dubois L. Gilliam or one or more of his affiliates (the "Purchaser") came for hearing on proper notice. Appearances were as noted in the record. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N), and (O). The statutory basis for the relief requested in the Sale Motion is 11 U.S.C. §363(b)(1) and (f).

Brasfield & Gorrie, LLC ("B&G") and First United Security Bank each filed an objection to the Sale Motion [docs. 302 and 303], and their respective limited objections are resolved in this order by consent of the Debtor and each objecting creditor.

Having considered the Sale Motion and Asset Purchase Agreement dated October 4, 2012 attached thereto ("APA"), the argument of counsel for the Debtor, and the statement by counsel for the Unsecured Creditors' Committee, the Court finds that the Debtor has sound business justifications for the sale of its Property, as that term is defined in the APA, prior to confirmation of a plan; that the sale is in the best interest of the Debtor's estate; that the Purchase Price, as that term is defined in the APA, constitutes fair value for the Property; that Debtor's

1

Property is being purchased by the Purchaser in good faith; that the Purchase Price was not controlled by an agreement among potential bidders; and that the actions of the Purchaser and the transactions contemplated by the APA otherwise comply with the requirements of the Bankruptcy Code §363(m).

The Court finds and concludes that the Sale Motion is due to be granted. Therefore it is ORDERED as follows:

1. The Debtor's Sale Motion is hereby GRANTED. The APA is APPROVED.

2. The materialman's/mechanic's lien of B&G on the twenty acre tract of real property owned by the Debtor and identified in B&G's limited objection as the "Twenty Acre Tract," which secures a claim asserted by B&G in the amount of $395,426.54, shall attach to the proceeds of the sale.

3. The liens of First United Security Bank securing the bank's Loan No. 0031 in the claimed amount of $146,806.43 and Loan No. 4700 in the claimed amount of $113,705.17 shall attach to the proceeds of the sale.

4. The Debtor's sale of the Property to the Purchaser pursuant to the APA, including the Certificate of Need, as amended, modified or succeeded, together with all rights and privileges associated therewith, shall be free and clear of all liens, claims, and encumbrances, other than Permitted Encumbrances as that term is defined in the APA, and interests of others, of any kind or nature, in accordance with the terms of the APA.

5. The Debtor is authorized and directed to execute and deliver all documents reasonable and necessary to implement the sale, including deeds, bills of

sale, and assignments.

6. The Debtor is authorized and directed to transfer and convey the Property, to the Purchaser at closing pursuant to the APA.

7. The Debtor is authorized and directed to transfer and convey to the Purchaser at closing the Certificate of Need, as amended, modified, or succeeded, together with all rights and privileges associated therewith.

8. Each creditor claiming a valid lien on the Property shall submit a statement showing the amount and documentary basis for said creditor's secured claim as of January 15, 2013 to counsel for the Debtor no later than January 8, 2013.

9. All liens and mortgages of record shall be deemed released as to the Property upon the closing of the sale, including but not limited to the following:

    a. Mortgage granted by Debtor to Merchants Bank to secure a $1,250,000 loan and recorded on March 18, 2004 at Real Property Book 1245, Page 514 in the probate records of Clarke County, Alabama.

    b. Mortgage granted by Debtor to Merchants Bank to secure a $225,833.25 loan and recorded on March 15, 2005 at Real Property Book 1266, Page 204 in the probate records of Clarke County, Alabama.

    c. Mortgage granted by Debtor to First United Security Bank to secure a $136,487.75 loan and recorded on June 25, 2009 at Real Property Book 1354, Page 703 in the probate records of Clarke County, Alabama.

3

d. Mortgage granted by Debtor to Capstone Bank to secure a $152,315.10 loan and recorded on October 23, 2009 at Mortgage Book 1358, Page 674 in the probate records of Clarke County, Alabama.

e. Mortgage granted by Debtor to First United Security Bank to secure a $105,473.45 loan and recorded on February 24, 2010 at Real Property Book 1364, Page 305 in the probate records of Clarke County, Alabama.

f. Federal Tax Lien identified as UCC 13640 for $136,619.73 and recorded on April 29, 2010.

g. Mortgage granted by Debtor to Merchants Bank to secure a $563,991.83 loan and recorded on May 19, 2010 at Real Property Book 1368, Page 257 in the probate records of Clarke County, Alabama.

h. Federal Tax Lien identified as UCC 13652 for $91,020.16 and recorded on July 2, 2010.

i. Federal Tax Lien identified as UCC 13765 for $209,430.28 and recorded on July 28, 2011.

j. Federal Tax Lien identified as UCC 13685 for $187,991.56 and recorded on November 4, 2010.

k. Federal Tax Lien identified as UCC 13708 for $120,964.72 and recorded on January 20, 2011.

l. Alabama Department of Industrial Relations lien for $24,915.81 and recorded on February 4, 2011 at Lien Book 12, Page 751 in the probate records of Clarke County, Alabama.

m. Judgment lien recorded by Beyerhaus Enterprises, Inc. d/b/a National Medical Services for $26,829.01 on February 23, 2011 at Judgment Book 28, Page 41 in the probate records of Clarke County, Alabama.

n. Alabama Department of Labor Relations lien for $1,989.70 recorded on May 3, 2011 at Lien Book 12, Page 797 in the probate records of Clarke County, Alabama.

o. Federal Tax Lien identified as UCC 13749 for $230,634.08 and recorded on May 26, 2011.

p. Judgment lien recorded by Medicus Emergency Medicine Services, LLC for $149,985.51 plus costs of $363.70 and attorney's fees of $15,579.00 on June 10, 2011 at Judgment Book 28, Page 211 in the probate records of Clarke County, Alabama.

q. Judgment lien recorded by Alliance Healthcare Services, Inc. d/b/a Alliance for $37,150 plus costs of $316.21 on or about June 14, 2011 at Judgment Book 28, Page 28 in the probate records of Clarke County, Alabama.

r. Judgment lien recorded by Olympus America, Inc. for $38,463.72, plus costs of $361.79 on June 23, 2011 at Judgment Book 28, Page 289 in the probate records of Clarke County, Alabama.

s. Materialman's/Mechanic's Lien recorded by Brasfield & Gorrie, LLC for $395,426.54 on August 5, 2011 at Lien Book 13, Page 12 in the probate records of Clarke County, Alabama.

5

10. The recordation of a certified copy of this order, together with a deed conveying the Property, or any part of it, to the Purchaser or his affiliate or assignee as allowed under the APA, shall constitute a release and cancellation of record of the liens and encumbrances described above as to the Property transferred and conveyed.

11. Any valid lien, mortgage or encumbrance on the Property shall be deemed released and transferred to and shall attach to the proceeds of the sale in order of the priority of the lien under applicable state law, whether or not sale proceeds are available after satisfaction of lien claims of higher priority.

12. That portion of the sale proceeds in the amount of the Chapter 11 quarterly fee due or to come due on the sale proceeds shall be paid to and deposited into the escrow account of the Debtor's counsel Silver, Voit & Thompson, Attorneys at Law, PC at the time of closing.

13. All net sale proceeds, after payment of all necessary and reasonable expenses of sale (including the payment of Debtor's pro rata share of 2012 ad valorem taxes) and payment of the Chapter 11 quarterly fee, shall be paid at closing to those creditors having valid secured claims on the Property in such amounts and in the priority agreed to by such secured creditors and the Debtor.

14. The liens of any lienholders whose liens are not satisfied at closing shall be released as to the Property and transferred to and shall attach to the proceeds of sale in the priority they are given under applicable law.

15. In the event of a dispute or unresolved issue regarding the amount of any secured creditor's claim or the validity or priority of its lien, the Debtor shall file a

pre-closing report describing said dispute or unresolved issue, and funds shall be withheld from the proceeds of the sale in such an amount as to satisfy that secured creditor's claim as calculated by the creditor and deposited by the closing agent into the escrow account of Debtor's counsel until the dispute or issue is resolved by the creditor and Debtor or until further order of the Court, at which time the claim shall be paid, provided all secured claims holding a higher priority have been satisfied.

16. Except as otherwise expressly set forth in the APA, the Purchaser shall not be liable or obligated in any manner for any liabilities of Debtor, or any liabilities arising from or relating to the Debtor's ownership or operation of the Property prior to the closing of the sale.

17. This order shall be binding on Debtor, Purchaser, all creditors of the Debtor, all parties in interest, and all applicable taxing and regulatory authorities and agencies.

18. The terms and conditions of the APA, together with the terms and provisions of this order shall be binding in all respects on any trustee who may be appointed in this case, or in any Chapter 7 case to which this case may be converted.

19. The stay imposed by Bankruptcy Rule 6004(h) is hereby waived. The transactions contemplated in the APA may be consummated immediately following entry of this order.

Dated:   December 21, 2012

*William S. Shulman*
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE